1   **KRONENBERGER BURGOYNE, LLP**
    Karl S. Kronenberger (Bar No. 226112)
2   Jeffrey M. Rosenfeld (Bar No. 222187)
    Deepa Krishnan (Bar No. 228664)
3   150 Post Street, Suite 520
    San Francisco, CA 94108
4   Telephone:  (415) 955-1155
    Facsimile:   (415) 955-1158
5   karl@kronenbergerlaw.com
    jeff@kronenbergerlaw.com
6   deepa@kronenbergerlaw.com

7   Attorneys for Defendant
    MIKHAIL FIKS
8

9

10                  **UNITED STATES DISTRICT COURT**
11                  **NORTHERN DISTRICT OF CALIFORNIA**

12

13

14   **LIMO HOSTING, INC.**, a Florida          CASE NO.
     corporation, **OLEG GRIDNEV**, an
15   individual,                                **NOTICE OF REMOVAL**

16          Plaintiff,                          (State Court Case No. 1-08-CV
                                                108253, Santa Clara Superior Court)
17          v.

18   **MIKHAIL FIKS (aka "Mike Fiks")** d/b/a
     **"FIXEDSITES.COM"**, an individual, and
     **DOES 1-10.**
19
            Defendant.
20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.kronenbergerlaw.com

Pursuant to 28 U.S.C §§ 1441 and 1446, defendant Mikhail Fiks ("Fiks") hereby removes to this Court the state court civil action pending in the Superior Court of California in and for the County of Santa Clara, entitled *Limo Hosting, Inc. and Oleg Gridnev v. Mikhail Fiks*, Case No. 1-08-CV-108253. In support of this notice, Fiks states as follows:

1.    This action is removable under 28 U.S.C. Sec. 1441(b), as the Court has original jurisdiction, in that the action claims to arise under §§ 32(a) and 43(a) and Lanham Act, 15 U.S.C. §§ 1114 and 1125.

2.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, with Summons and Civil Cover Sheet, which is the only pleading filed in the state court action, is attached to this Notice of Removal as Exhibit "A".

3.    Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will promptly be served upon Plaintiff in the action and filed in the Superior Court of California in and for the County of Santa Clara, Case No. 1-08-CV-108253.

4.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Defendant was first served with a copy of the Summons and Complaint in this matter on April 14, 2008.

5.    This Removal is without prejudice to all of Fiks' defenses to the removed action, including lack of personal jurisdiction and lack of proper venue in this court.

6.    This is not a case of the types identified in 28 U.S.C. § 1445.

Dated: May 14, 2008                              Kronenberger Burgoyne, LLP

                                                 By: _____
                                                      Deepa Krishnan

                                                 Attorneys for Defendant,
                                                 MIKHAIL FIKS

CASE NO.                              1        **NOTICE OF REMOVAL**

Exhibit A

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

CASE NUMBER: ___1 0 8 C V 1 0 8 2 5 9___

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA  95113

<div style="border:1px solid">READ THIS ENTIRE FORM</div>

_PLAINTIFFS_ (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the _Complaint,_ _Summons,_ an _Alternative Dispute Resolution (ADR) Information Sheet,_ and a copy of this _Civil Lawsuit Notice,_ and you must file written proof of such service.

> _DEFENDANTS_ (The person(s) being sued):  You must do each of the following to protect your rights:
>
> 1. You must file a written response to the _Complaint,_ in the Clerk's Office of the Court, within 30 days of the date the _Summons_ and _Complaint_ were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning:  If you do not do these three things, you may automatically lose this case.**

_RULES AND FORMS:_  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

_You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8._

| | |
|---|---|
| Your Case Management Judge is: **Kevin Murphy** | Department: **22** |

The 1ˢᵗ CMC is scheduled for: (Completed by Clerk of Court)
    Date: ___AUG 1 2 2008___Time: **3:00pm** in Department **22**

The next CMC is scheduled for: (Completed by party if the 1ˢᵗ CMC was continued or has passed)
    Date: _____ Time: _____ in Department _____

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_  If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_  Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MIKHAIL FIKS (aka "MIKE FIKS") d/b/a "FIXEDSITES.COM" an individual, and
DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LIMO HOSTING, INC., a Florida corporation
OLEG GRIDNEV, an individual

---

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>191 N First Street<br>San Jose, CA 95113 | **CASE NUMBER:**<br>*(Número del Caso)*<br>1 0 8 C V 1 0 8 2 5 2 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Timothy J. WAlton (S.B. 184292)
407 S California Ave. # 8, Palo Alto, CA 94306 (650) 566-8500

| DATE:<br>*(Fecha)* | MAR 1 7 2008 | Clerk, by<br>*(Secretario)* | KIRI TORRE | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☒ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br>under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

*Page 1 of 1*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

Timothy J. Walton (State Bar No. 184292)
WALTON & ROESS LLP
407 South California
Suite 8
Palo Alto, CA 94306

Phone (650) 566-8500
Fax: (650) 618-8687

Attorneys for Plaintiffs
LIMO HOSTING, INC. and OLEG GRIDNEV

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA (UNLIMITED JURISDICTION)

| | |
|---|---|
| LIMO HOSTING, INC., a Florida corporation, OLEG GRIDNEV, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MIKHAIL FIKS (aka "MIKE FIKS") d/b/a "FIXEDSITES.COM", an individual, and DOES 1-10, <br><br> Defendants. | Case No.: **108CV108255** <br><br> **VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> 1. **TRADEMARK VIOLATION** <br> 2. **COMMON LAW TRADEMARK VIOLATION** <br> 3. **FALSE DESCRIPTION** <br> 4. **TRADE DRESS INFRINGEMENT** <br> 5. **FALSE DESIGNATION OF ORIGIN** <br> 6. **TRADE LIBEL** <br> 7. **INTERFERENCE WITH CONTRACT** <br> 8. **INTERFERENCE WITH PROSPECTIVE ECONOMIC DAMAGE** <br> 9. **UNFAIR BUSINESS PRACTICES** |

PLAINTIFFS LIMO HOSTING, INC. and OLEG GRIDNEV file this Verified Complaint for

causes of action against Defendants MIKHAIL FIKS (AKA "MIKE FIKS") d/b/a

"FIXEDSITES.COM", an individual, and DOES 1 through 10, inclusive, and allege as follows:

1

**Verified Complaint**

## SUMMARY

1.    Plaintiffs bring this action against Defendants for misappropriation of Plaintiffs' intellectual property, defamation, interference with contracts and potential economic advantage, creating confusion in the marketplace and for unfair business practices.

2.    Defendants have been usurping Plaintiffs' work even as they denigrate Plaintiffs in online forums.

3.    Plaintiffs seek damages for Defendants' conduct and an order that Defendants cease the unfair business practices.

## GENERAL ALLEGATIONS

4.    Plaintiff LIMO HOSTING, INC. is now, and at all times relevant herein has been, a corporation duly organized under the laws of the State of Florida.

5.    Plaintiff OLEG GRIDNEV is now, and at all times relevant herein has been, an individual residing and doing business in the State of Florida.

6.    Plaintiffs are informed and believe and thereon allege that Defendant MIKHAIL FIKS (AKA "MIKE FIKS") d/b/a "FIXEDSITES.COM" (hereafter "FIKS") is an individual doing business in California.

7.    Plaintiffs do not know the true names or legal capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names.

8.    Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is legally responsible in some manner for the matters herein alleged, and is legally responsible in some manner for causing the injuries and damages to Plaintiffs as alleged herein.

2

**Verified Complaint**

9. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the Defendants was the agent or employee of other Defendants and was at all times herein mentioned acting within the scope of said agency or employment.

### SPECIFIC ALLEGATIONS

10. Plaintiffs are in the business of designing, creating and hosting web sites for companies providing limousine services.

11. Plaintiff OLEG GRIDNEV has exclusive rights in the registered service mark "Limo Hosting", USPTO # 3022308, for design, creation, hosting, and maintenance of web sites for others.

12. Plaintiff OLEG GRIDNEV has authorized use of the mark to only one person or entity: Plaintiff LIMO HOSTING, INC.

13. Plaintiffs have used multiple marks in commerce, including "Limo Hosting", "Limo Link Exchange" and "US Limo Directory".

14. Defendant FIKS competes with Plaintiffs in the industry niche of design, creation hosting and maintenance of web sites for companies providing limousine services.

15. Sometime prior to July of 2007, Defendants copied the entire home page presentation from http://www.limohosting.com and pasted it onto the commercial web site at http://www.fixedsite.com.

16. Defendants copied images and content, and sold the work as their own to Plaintiffs' clients.

17. One of Plaintiffs' clients contacted Plaintiff to advertise and Plaintiff reviewed the web site, thereby discovering that Defendants had been creating confusion in the marketplace.

3

**Verified Complaint**

1   18.    On or about July 2, 2007, Plaintiff informed Defendants of Plaintiffs' registered service

2   mark for "Limo Hosting" and demanded that they to cease and desist infringing upon Plaintiffs'

3   intellectual property. Defendant FIKS acknowledged receipt by email the same day.

4   19.    Defendants removed some of the infringing material, but continued to use more of

5   Plaintiffs' content on duplicate web sites, such as

6   http://www.fixedsite.com/limo_hosting_basic.html, using Plaintiffs' trademark in the meta tags.

7   20.    Defendants created another web site where they copied untrue allegations about Plaintiff

8   made in an online forum, and did not include Plaintiffs' response made in that same forum.

9   21.    Defendants said, in an online forum at http://www.ripoffreports.com, "I have been in the

10   website development and hosting business much longer than this Oleg Gridnev aka Alex."

11   22.    The statement was untrue because Defendants' first web site predates Plaintiffs' service

12   mark by only a few months.

13   23.    Defendants stated, in an online forum at http://www.ripoffreports.com, "We created

14   www.FreeLimoWebsites.com because MANY limousine companies complained about Mr. Oleg

15   over and over. They also mentioned how he rips them off charging $1500 to start and $150 per

16   month hosting... Thats crazy prices. We provide the same services at a fraction of the cost and

17   now This guy goes off slandering us."

18   24.    Defendants further stated in the same online forum:

19

20          I am glad the world knows about your anger problem. Oleg and limohosting.com. LimoHosting.com is known by BBB by name due

21          to so many bad reports.

22          Oleg has been calling and harassing us since June of 2004 so this is a constant problem for him. We take each call as a complement. If Oleg is calling

23          us to complain we MUST be doing something right. Maybe he is mad because someone is finally

24

<div align="center">4</div>

<div align="right">**Verified Complaint**</div>

offering services at a reasonable cost instead of
being ripped of by him.

Let's take this to the judge along with your
comments. Lets also add the slander and
deformation of chatractor with the kind words you
left me on --------. and add the voice mails you left
that you are going to visit Los Angeles with your
friends and pay me a visit to 'Cut me up'.. I have
collected all voicemails and emails you have sent
me... You should skipp the court case and go
straight to Jail. You have threatened my life and
My families lives. This is not only unprofessional
this is also enough to place you in jail for a few
years.

Oleg... Stop ripping Limo Owners off!!! Your
services are not worth the money..

Limo company ownres be aware of his scams...
Don't get trapped as he attempts to steal your
company domain name if you upset him...

Give us a call 866-453-4933 if this guy is giving
you problems also... We have had many of his
previous customers move over to our services
because of this persons poor attitude.. ( I don't
blame them )

We have the answer for you... Don't waste $150 a
month with Oleg when we provide the same
services for ONLY $9.95... call us 866-453-4933

Keep complaining Oleg... You have no legal leg to
stand on.. We NEVER plagerized you website...
Nor ever will.. Our business has been online and
registered long before you ever left the Moscow
Circus..

We currently have 4 previous customers of Oleg
Gridnev and LimoHosting.com that are looking
forward to the case as they will testify on ourt
behalf. If you have been mistreated, harassed or
overcharged by LimoHosting.com and Oleg, and
would like to be included in this case please call us
at 866-453-4933

5

**Verified Complaint**

1    25.    Among other things. the statements were untrue because Plaintiffs do not charge a set-up

2    fee or demand an annual contract. nor is there any hosting fee when the customer pays to

3    advertise on Plaintiff's web sites.

4    26.    Defendants also untruthfully stated their own pricing policies, compared with statements

5    on their own web sites.

6    27.    Plaintiffs have suffered damages as a result of Defendants' wrongful conduct.

7    28.    Plaintiffs are informed and believe and thereon allege that Defendants actually profited

8    and continue to profit and are unjustly enriched from their wrongful conduct.

9    29.    Plaintiffs are informed and believe and thereon allege that Defendants will continue to act

10   in this wrongful and unlawful fashion unless otherwise enjoined by this Court. This Court has

11   jurisdiction to issue a permanent injunction because restraint is necessary to prevent a

12   multiplicity of judicial proceedings.

13   30.    Punitive damages are appropriate to deter Defendants' conduct and to deter others from

14   engaging in such conduct in that Defendants' conduct. or the conduct of their agents, was

15   malicious. oppressive and/or fraudulent.

16                          **FIRST CAUSE OF ACTION**
                               [Trademark Violations]
17                            **(Against All Defendants)**

18   31.    Plaintiffs hereby incorporate by reference Paragraphs 1 to 30, inclusive, as if the same

19   were fully set forth herein.

20   32.    Defendant's aforementioned acts constitute trademark infringement in violation of the

21   Lanham Act, 15 U.S.C. § 1114.

22   33.    Plaintiff's federal registration on the Principal Register for the mark "Limo Hosting" is

23   conclusive evidence of Plaintiff's exclusive right to use these marks, pursuant to the Lanham Act,

24

                                         6

                                                    **Verified Complaint**

1   15 U.S.C. § 1115. The registration is incontestable, which provides conclusive evidence of its

2   validity, ownership of the mark and exclusive rights to use the mark in commerce in connection

3   with the goods and services specified in the certificates of registration under 15 U.S.C. §

4   1115(b).

5   34.    Defendants' wrongful use of the mark and misappropriation of the mark are likely to

6   cause confusion as to sponsorship or authorization by Plaintiffs, or alternatively, destroy the

7   origin-identifying function of the mark. Defendants' actions constitute trademark infringement in

8   violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

9   35.    As a proximate result of Defendants' actions, Plaintiffs have suffered and will continue to

10   suffer great damage to their business, goodwill, reputation, profits and the strength of the

11   trademark. The injuries to Plaintiffs are and continue to be ongoing and irreparable.

12   36.    An award of monetary damages alone cannot fully compensate Plaintiffs for injuries and

13   Plaintiffs lack an adequate remedy at law.

14   37.    The acts of infringement have been and continue to be deliberate, willful and wanton,

15   making this an exceptional case within the meaning of 15 U.S.C. § 1117.

16   38.    Plaintiffs are entitled to a permanent injunction against Defendants, as well as all other

17   remedies available under the Lanham Act, including, but not limited to, compensatory damages;

18   treble damages; disgorgement of profits; and costs and attorneys' fees.

19   39.    Plaintiffs are informed and believe and thereon allege that Defendants profited from their

20   wrongful conduct.

21   40.    Plaintiffs suffered damages as a result of Defendants' wrongful conduct.

22   41.    Plaintiffs seek reimbursement of attorneys' fees and costs as authorized by statute.

23·

24

<div align="center">7</div>

<div align="right">**Verified Complaint**</div>

1　WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter

2　set forth.

### SECOND CAUSE OF ACTION
#### [Common Law Trademark Violations]
#### (Against All Defendants)

5　42.　Plaintiffs hereby incorporate by reference Paragraphs 1 to 30, inclusive, as if the same

6　were fully set forth herein.

7　43.　Plaintiffs have existing common law rights with respect to their trademarks.

8　44.　Defendants' actions as herein alleged constitute infringement of Plaintiffs' trademarks, in

9　violation of common law rights.

10　45.　Plaintiffs are informed and believe and thereon allege that Defendants profited from their

11　wrongful conduct.

12　46.　Plaintiffs suffered damages as a result of Defendants' wrongful conduct.

13　47.　Such actions have caused and unless enjoined will continue to cause Plaintiff irreparable

14　harm.

15　48.　Plaintiffs have no adequate remedy at law.

16　WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter

17　set forth.

### THIRD CAUSE OF ACTION
#### [False Description]
#### (Against All Defendants)

20　49.　Plaintiffs hereby incorporate by reference Paragraphs 1 to 30, inclusive, as if the same

21　were fully set forth herein.

22　50.　Defendants' web site is such a colorable imitation and copy of Plaintiff's web site in the

23　market for limousine service web hosting that Defendants' use thereof in the exact same industry

24

8

Verified Complaint

1    is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation,

2    connection or association of Plaintiff's products, or to deceive consumers as to the origin,

3    sponsorship or approval of Plaintiff's products.

4    51.    Plaintiffs are informed and believe and thereon allege that consumers have actually been

5    confused.

6    52.    Plaintiffs aver that Defendants' web site comprises a false description or representation

7    of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

8    53.    Plaintiffs are informed and believe and thereon allege that Defendants profited from their

9    wrongful conduct.

10   54.    Plaintiffs suffered damages as a result of Defendants' wrongful conduct.

11   55.    Such actions have caused and unless enjoined will continue to cause Plaintiff irreparable

12   harm.

13   56.    Plaintiffs have no adequate remedy at law.

14   57.    Plaintiffs seek reimbursement of attorneys' fees and costs as authorized by statute.

15   WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter

16   set forth.

17                        **FOURTH CAUSE OF ACTION**
                          **[Trade Dress Infringement]**
18                          **(Against All Defendants)**

19   58.    Plaintiffs hereby incorporate by reference Paragraphs 1 to 30, inclusive, as if the same

20   were fully set forth herein.

21   59.    As part of Plaintiffs' advertising and use of its mark in connection with goods and

22   services, Plaintiffs have used a unique combination of color, print type and layout in marketing

23

24

                                        9

                                                                **Verified Complaint**

1    materials and on their web sites. Such trade dress is non-functional and has achieved secondary

2    meaning within the marketplace.

3    60.    Defendants' use of Plaintiff's marks in promotion of goods and services similar to

4    Plaintiffs and their use of a similar color scheme, print type and layout on the web site promoting

5    such goods and services, constitutes trade dress infringement.

6    61.    Plaintiffs are informed and believe and thereon allege that Defendants profited from their

7    wrongful conduct.

8    62.    Plaintiffs suffered damages as a result of Defendants' wrongful conduct.

9    63.    Such actions have caused and unless enjoined will continue to cause Plaintiff irreparable

10   harm.

11   64.    Plaintiffs have no adequate remedy at law.

12   65.    Plaintiffs seek reimbursement of attorneys' fees and costs as authorized by statute.

13   WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter

14   set forth.

15                         **FIFTH CAUSE OF ACTION**
                          [False Designation Of Origin]
16                          **(Against All Defendants)**

17   66.    Plaintiffs hereby incorporate by reference Paragraphs 1 to 30, inclusive, as if the same

18   were fully set forth herein.

19   67.    Defendants' use of Plaintiffs' marks constitutes a false designation of origin which is

20   likely to deceive and has deceived customers and prospective customers into believing that

21   Defendants' goods and services were that of Plaintiffs, and as a result is likely to divert

22   customers away from Plaintiffs.

23

24

                                    10

                                                    **Verified Complaint**

68. Plaintiffs are informed and believe that Defendants have successfully diverted customers away from Plaintiffs.

69. Plaintiffs have no control over the nature and quality of goods and services offered by Defendants and any failure, neglect of default by Defendants in providing such goods and services will reflect adversely on Plaintiffs as the believed source of origin thereof.

70. Plaintiffs are informed and believe and thereon allege that Defendants profited from their wrongful conduct

71. Plaintiffs suffered damages as a result of Defendants' wrongful conduct.

72. Such actions have caused and unless enjoined will continue to cause Plaintiff irreparable harm.

73. Plaintiffs have no adequate remedy at law.

74. Plaintiffs seek reimbursement of attorneys' fees and costs as authorized by statute.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**[Trade Libel]**
**(Against All Defendants)**

75. Plaintiffs hereby incorporate by reference Paragraphs 1 to 30, inclusive, as if the same were fully set forth herein.

76. Plaintiffs create business goods in the form of web sites specially created to advertise limousine services.

77. Plaintiffs also host their customers web sites by placing computer files on web servers and then copying and sending such content upon request by a web browser.

11

**Verified Complaint**

78.     Plaintiffs allege that Defendants' use of Plaintiff's trademark inures and creates a likelihood of injury to Plaintiff's business reputation because persons encountering Defendants and their web sites, products and services will believe that Defendants are affiliated with or related to or have the approval of Plaintiffs, and any adverse reaction by the public to Defendants and the quality of the products and the nature of the business will injure the business reputation of Plaintiffs and the goodwill that they enjoy.

79.     Plaintiffs own and enjoy trademark rights in Florida and throughout the United States, which are superior to any right which Defendants may claim in and to said trademarks or any confusingly similar trademarks in connection with such services.

80.     The use of the mark "Limo Hosting" in connection with services relating to the design, creation and hosting of web sites for limousine services is likely to cause and has caused confusion as to the source of the goods and services in that purchasers thereof will be likely to associate or have associated such products and services with and as originating with the Plaintiff, all to the detriment of the Plaintiff.

81.     Defendants willfully, without justification and without privilege, published false statements in an online forum that were intended to cause monetary damage to Plaintiffs.

82.     Defendants' statements were false.

83.     Defendants' statements disparaged Plaintiff's above-described business goods in that they claim Plaintiffs are engaging in "ripping Limo Owners off [sic]" and that Plaintiffs' services are "not worth the money."

84.     Such actions have caused and unless enjoined will continue to cause Plaintiff irreparable harm.

<div align="center">12</div>

**Verified Complaint**

85.     As a proximate result of the Defendant statements. prospective customers have been deterred from buying Plaintiffs' above-described business goods. and from otherwise dealing with Plaintiffs.

86.     Plaintiffs are informed and believe and thereon allege that Defendants profited from their wrongful conduct.

87.     Plaintiffs suffered injury to business and pecuniary losses as a result of Defendants' wrongful conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

<div align="center">

**SEVENTH CAUSE OF ACTION**
**[Interference With Contract]**
**(Against All Defendants)**

</div>

88.     Plaintiffs hereby incorporate by reference Paragraphs 1 to 30, inclusive, as if the same were fully set forth herein.

89.     Plaintiffs have contractual relationships or beneficial business relationships with multiple customers.

90.     Defendants had actual knowledge of those relationships. as evidenced by comments in online forums.

91.     Plaintiffs are informed and believe and thereon allege that Defendants intended to induce one or more parties to those relationships to breach the relationship.

92.     Defendants lack any privilege to induce such a breach.

93.     Actual breach of relationships occurred. as evidenced by the Defendants' own statements in online forums.

13

**Verified Complaint**

94.    Plaintiffs are informed and believe and thereon allege that Defendants profited from their

wrongful conduct.

95.    Plaintiffs suffered damages as a result of Defendants' wrongful conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter

set forth.

## EIGHTH CAUSE OF ACTION
**[Interference With Prospective Economic Advantage]**
**(Against All Defendants)**

96.    Plaintiffs hereby incorporate by reference Paragraphs 1 to 30, inclusive, as if the same

were fully set forth herein.

97.    Plaintiffs enjoyed and continue to enjoy economic relationships with multiple third

persons, containing the probability of future economic benefit to the Plaintiffs.

98.    Defendants had actual knowledge of the existence of the relationships.

99.    Intentional acts on the part of the Defendants designed to disrupt the relationship include

postings to online forums and private communications to Plaintiffs' customers.

100.    Plaintiffs are informed and believe that actual disruptions of the relationships occurred as

a result of Defendants' actions.

101.    Plaintiffs suffered damages proximately caused by the acts of the Defendants.

102.    Plaintiffs are informed and believe and thereon allege that Defendants profited from their

wrongful conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter

set forth.

//

//

14

**Verified Complaint**

### NINTH CAUSE OF ACTION
[Unfair Business Practices]
(Against Defendant MIKHAL FIKS)

103.    Plaintiffs hereby incorporate by reference Paragraphs 1 to 102, inclusive, as if the same were fully set forth herein.

104.    Defendant's actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

105.    Pursuant to California Business and Professions Code § 17203, Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement of all profits associated with this unfair competition.

106.    Plaintiffs own and enjoy the exclusive trademark rights in and to the "Limo Hosting" service mark and any derivation thereof, which, by virtue of its widespread use in commerce and on the Internet for the relevant goods and services, has gained substantial trademark, service mark and trade name rights.

107.    Defendant has adopted and used the "Limo Hosting" service mark to advertise, market, and otherwise promote the same or related goods and services and in the same channels of trade to the same customers or potential customers to which Plaintiff advertises, markets and promotes its goods and services under Plaintiffs' mark.

108.    Defendant's conduct is likely to cause confusion and deception among customers and potential customers as to the source, affiliation, sponsorship of its goods and services.

109.    By the adoption and use of "Limo Hosting", or any confusingly similar mark, Defendant is deliberately deceiving customers and potential customers by passing off his services and products as those of Plaintiff.

110.    Defendant has made untrue statements in online forums.

15

Verified Complaint

1     111.    Such actions have caused and unless enjoined will continue to cause Plaintiff irreparable

2     harm.

3     112.    Plaintiffs have no adequate remedy at law.

4     113.    Defendant's actions as alleged herein are likely to mislead the general public and

5     therefore constitute unfair, unlawful or fraudulent business practices in violation of the

6     provisions of California Business and Professions Code § 17200. et seq.

7     114.    Plaintiffs are informed and believe and thereon allege that Defendant profited from his

8     wrongful conduct.

9     115.    Plaintiffs suffered damages as a result of Defendant's wrongful conduct.

10     116.    Plaintiffs have suffered injury in fact and loss of money as a result of Defendant's

11     business practices.

12     117.    Such actions have caused and unless enjoined will continue to cause Plaintiff irreparable

13     harm.

14     118.    Plaintiffs have no adequate remedy at law.

15     WHEREFORE. Plaintiffs pray for judgment against Defendant as hereinafter set forth.

16                       **PRAYER FOR RELIEF**

17     A. Equitable relief in the form of an injunction prohibiting Defendants and each of them, either

18        directly or through agents, servants, and employees, and all persons acting under, in concert

19        with, or for them, from using Plaintiffs' intellectual property for commercial purposes;

20     B. Equitable relief in the form of an injunction requiring that Defendants disavow their untrue

21        statements on any online forum where such untrue comments have been made;

22     C. General damages in an amount to be proven at trial:

23     D. Special damages in an amount to be proven at trial;

24

<center>16</center>

<div align="right">**Verified Complaint**</div>

1  E. Punitive damages in an amount to be determined by the Court;

2  F. Attorneys' fees as allowed by law;

3  G. Costs of suit; and

4  H. Such other and further relief as the Court deems proper.

5                                    WALTON & ROESS LLP

6  Date:  3-14-08          BY: _____
                                    TIMOTHY J. WALTON
7                                    Attorneys for Plaintiffs

8
                        **VERIFICATIONS**
9

The undersigned for himself declares:

10
        I am a plaintiff in the above-entitled action. I have read the forgoing Complaint and know
11
the contents thereof. With respect to the causes of action alleged by me, the same is true by my
12
own knowledge, except as to those matters which are therein stated on information and belief,
13
and as to those matters, I believe them to be true. I declare under penalty of perjury under the
14
laws of the State of California that the forgoing is true and correct.
15
Date: March 12 2008          _____
16                                    Oleg Gridnev

17
The undersigned declares:
18
        I am the President and Chief Executive Officer of LIMO HOSTING, INC., plaintiff in
19
the above-entitled action. I am authorized to make this verification for and on its behalf, and I
20
make this verification for that reason. I have read the forgoing Complaint and know the contents
21
thereof. With respect to the causes of action alleged by me, the same is true by my own
22
knowledge, except as to those matters which are therein stated on information and belief, and, as
23

24
                                    17

                                        **Verified Complaint**

1    to those matters. I believe them to be true. I declare under penalty of perjury under the laws of

2    the State of California that the forgoing is true and correct.

3

4                                    LIMO HOSTING, INC.

5

6    Date: MARCH 12 2008 _____

7                                    Oleg Gridnev

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

                                    18

                                    **Verified Complaint**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*