**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Deepa Krishnan (Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kronenbergerlaw.com
jeff@kronenbergerlaw.com
deepa@kronenbergerlaw.com

Attorneys for Defendant MIKHAIL FIKS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**LIMO HOSTING, INC.**, a Florida corporation, **OLEG GRIDNEV**, an individual,

Plaintiffs,

v.

**MIKHAIL FIKS (aka "Mike Fiks")** d/b/a **"FIXEDSITES.COM"**, an individual, and **DOES 1-10.**

Defendant.

CASE NO. 3:08-cv-02474-SC

**DEFENDANT FIKS'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER 12(B)(6)**

**[DECLARATION OF DEEPA KRISHNAN IN SUPPORT THEREOF FILED CONCURRENTLY HEREWITH]**

Date: July 11, 2008
Time: 10:00 AM
Ctrm: 1, 17th Floor

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 11, 2008, or as soon thereafter as the matter may be heard in Courtroom 1 on the 17th floor of United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant, Mikhail Fiks ("Fiks"), will move the Court to dismiss Plaintiffs Limo Hosting Inc. and Oleg Gridnev (collectively, "Plaintiffs'") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion seeks to dismiss the Complaint because: 1) Plaintiffs have not pleaded secondary meaning of the LIMO HOSTING mark or Fiks's use thereof as required for statutory and common law trademark infringement; 2) Plaintiffs have not pleaded that their website contains protectable trade dress, and that their website is non-functional; 3) Plaintiffs' claim for False Designation or Origin is not based on any recognized cause of action and duplicates Plaintiffs' other causes of action; 4) Plaintiffs' Complaint does not contain allegations that Fiks made statements disparaging the quality of Plaintiffs' property as required to support a claim for trade libel; 5) Plaintiffs' Complaint does not contain sufficient allegations about the relationship between Plaintiffs and third parties to support interference claims; and 6) Plaintiffs' Section 17200 claim is purely derivative of its other claims, and therefore cannot stand.

This Motion is based on Fiks's Memorandum of Points and Authorities set forth below, the papers in support thereof, all pleadings on file in this case, and such further evidence and arguments that may be presented prior to or at the hearing on this Motion.

Dated: May 21, 2008

Kronenberger Burgoyne, LLP

By: /s/
Deepa Krishnan

Attorneys for Defendant,
MIKHAIL FIKS

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In their hastily drafted Complaint, Plaintiffs allege several causes of action against their competitor, Mikhail Fiks, all stemming from the alleged misuse of a purported trademark, LIMO HOSTING (the "Mark"). However, Plaintiffs explicitly mislead the Court as to the relationship among the parties. Plaintiffs also mislead the Court as to the circumstances surrounding Fiks's alleged misconduct. But even putting these factual misrepresentations aside, the Complaint cannot survive a facial attack. Employing the most deferential standard, the causes of action alleged by Plaintiffs simply do not withstand scrutiny, particularly where the entirety of Plaintiffs' Complaint relies on an outright and verifiable falsehood: Contrary to Plaintiffs' express representations, the LIMO HOSTING trademark registration is on the U.S. Patent and Trademark Office's Supplemental Register—not the Principal Register (A true and correct copy of Oleg Gridnev's registration for LIMO HOSTING from the United States Patent and Trademark Office's Trademark Electronic Search System is attached as Exhibit A to the Declaration of Deepa Krishnan ("Krishnan Decl.").) As a consequence, the LIMO HOSTING registration is not entitled to any presumption that the Mark is anything more than a generic name. For this reason, along with many others explained more fully below, the Complaint should be dismissed in its entirety with prejudice.

## II.

## STATEMENT OF RELEVANT FACTS

The parties design, create, and host websites for limousine companies. (Complaint ¶¶10, 14.) Plaintiffs allege that they have exclusive rights in the Mark, LIMO HOSTING, and point to USPTO Registration # 3022308 as evidence thereof. (Complaint ¶11.) Specifically, Plaintiffs state that their "federal registration on the Principal Register for the mark, 'Limo Hosting' is conclusive evidence of Plaintiff's exclusive right to use these marks, pursuant to the Lanham Act." (Complaint ¶ 33.). Plaintiffs further allege that the "registration is incontestable" (*Id.*) Plaintiffs then plead various causes of action

flowing from Fiks's supposed use of the Mark.

Conveniently, Plaintiffs do not attach the referenced trademark registration to their Verified Complaint. Instead they rely on false statement after false statement regarding the Mark and its registration. Most offensively, and contrary to Plaintiffs' sworn assertion, the Mark is on the Supplemental—not Principal—Register. (Krishnan Decl. Ex. A.) Furthermore, the Mark has not attained and cannot attain incontestable status (*id.*), nor does it serve as "conclusive evidence of Plaintiff's exclusive right to use" the Mark (Complaint ¶33.) On these bases, along with many others detailed below, the Complaint cannot survive a Motion to Dismiss.

## III.

## <u>ARGUMENT</u>

The Court must grant a Motion to Dismiss where, as here, the Complaint fails to state a claim upon which relief can be granted. FED. R. CIV. PROC. 12(b)(6); *North Star Intern. v. Arizona Corp. Com'n.*, 720 F.2d 578, 581 (9th Cir. 1983). While a Court, in ruling on a Motion to Dismiss for failure to state a claim, should accept all material allegations as true, if a plaintiff fails to attach documents on which the complaint is based, a defendant may attach the documents to show that they do not support the plaintiff's claim. Doing so does "not convert the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled* on other grounds.

Plaintiffs' Complaint centers around the alleged infringement of the LIMO HOSTING mark. In fact, Plaintiffs claim that they have the "exclusive rights" to use the Mark because they own a trademark registration for LIMO HOSTING on the "Principal Register." (Complaint ¶33.) However, this statement is false. As the trademark registration demonstrates—which Plaintiffs conveniently failed to attach to their Complaint—Plaintiffs' registration for the Mark is on the Supplemental Register <u>not</u> the Principal Register.

A registration on the Supplemental Register confers no substantive trademark

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

rights beyond those under common law. 3 J. McCarthy, *McCarthy on Trademarks and Unfair Competition* §19:36 (4th ed. 2008). The Lanham Act expressly excludes Supplemental Registrations from the several advantages gained by registration on the Principal Register. 15 U.S.C. §1094; 3 J. McCarthy §19:36. Significantly, a registration on the Supplemental Register does not entitle it to any presumption that the term is a trademark and not a generic name. *See CreAgri, Inc. v. USANA Health Sciences, Inc.* 474 F.3d 626, 629, n.6 (9th Cir. 2007); 3 J. McCarthy §19:36. In fact, "it is not prima facie evidence of anything except that the registration issued." 3 J. McCarthy §19:36 *quoting In re Medical Disposables Co.*, 25 U.S.P.Q.2d 1801 (T.T.A.B. 1992); *see also Films of Distinction, Inc. v. Allegro Film Productions, Inc.* 12 F. Supp. 2d 1068, 1075 (C.D. Cal. 1998) (stating that "a word, symbol or device on the Supplemental Register is not, strictly speaking, a 'mark.' That is, it is not registrable on the Principal Register and is only 'capable' of someday becoming a 'mark' upon the acquisition of secondary meaning"). Thus, in litigation where a plaintiff has relied on a Supplemental Registration, the mark will not, prima facie, receive protection as a valid trademark, for its very presence on the Supplemental Register indicates a preliminary determination that the mark is not distinctive of the applicant's goods or services. 3 J. McCarthy §19:36.

## I. Plaintiffs' Claims for Trademark Infringement Fail Because Plaintiffs Have Not Alleged Secondary Meaning or Wrongful Use of the Mark.

Plaintiffs' First and Second Causes of Action—for Trademark Violations and Common Law Trademark Violations respectively—fail on their face because Plaintiffs have not alleged several elements of a prima facie claim for trademark infringement. To plead a claim for trademark infringement, whether under 15 U.S.C. §1114 or common law, a plaintiff must allege: (1) that the mark is valid and legally protectable; (2) that the mark is owned by the plaintiff; and (3) that the defendant's use of the mark to identify goods and services is likely to create confusion concerning the origin of those goods or services. *See Applied Information Sciences Corp. v. Ebay, Inc.* 511 F.3d 966, 969 (9th

Cir. 2007); *Fisons Horticulture, Inc. v. Vigoro Industries, Inc.*, 30 F.3d 466 (3d Cir. 1994). Plaintiffs have failed to plead facts supporting either element (1) or (3).

As addressed above, Plaintiffs' registration for the Mark is on the Supplemental Register—not the Principal Register. As a consequence, Plaintiffs are not entitled to any presumption that the Mark has acquired secondary meaning. While Plaintiffs may still establish secondary meaning absent the statutory presumption, they must do so through a demonstration of significant advertising and massive exposure that has established their trademark in the minds of consumers as an indication of origin of their services. *FS Services, Inc. v. Custom Farm Services, Inc.*, 471 F.2d 671, 674 (7th Cir. 1972). The test for secondary meaning becomes the effectiveness of the efforts to make the mark distinctive, and the chief inquiry is directed towards consumers' attitudes about the mark in question, and whether it denotes a single thing coming from a single source. *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970). Plaintiffs have not alleged any facts suggesting that the Mark has satisfied this inquiry or otherwise acquired secondary meaning. Nor could they, given the facially descriptive/generic nature of the Mark. Instead, Plaintiffs rely on the inapposite assumption that they are entitled to a presumption of secondary meaning based on their registration for the Mark. (Complaint ¶33.) This assumption is wrong.

Even if Plaintiffs could legitimately plead that the Mark had acquired secondary meaning, they still have not pleaded a viable trademark infringement claim because they have not—and cannot—allege that Fiks displayed or otherwise used the Mark. The Complaint is devoid of any allegation that Fiks used the LIMO HOSTING mark to brand his services or for any other purpose. There is no description of where or how Fiks displayed the Mark. Nor is there any identification of what goods or services Fiks supposedly advertised in connection with the Mark. This is because Fiks never used the LIMO HOSTING mark in commerce, as required to plead a trademark infringement claim under the Lanham Act or common law. Because Plaintiffs have not—and cannot—plead that the Mark has acquired secondary meaning, and because Plaintiffs have not—and

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

cannot—plead that Fiks used the Mark in commerce, Limo Hosting's First and Second Causes of Action must be dismissed with prejudice.

## II. Plaintiffs' Claims for False Description and Trade Dress Infringement Fail Because Plaintiffs Have Not Pleaded that their Website Has Acquired Secondary Meaning.

Plaintiffs Third and Fourth Causes of Action—for Trade Dress Infringement and False Description respectively—fail because Plaintiffs have not pleaded—and cannot plead—that their website is so inherently distinctive such that it serves as an indication of source to consumers.[1] To state a claim for trade dress infringement, a plaintiff must allege: (1) that its claimed trade dress is inherently distinctive or has acquired secondary meaning; (2) that its claimed trade dress is nonfunctional; and (3) that defendant's product creates a likelihood of consumer confusion. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001). Trade dress protection must subsist with the recognition that in many instances there is no prohibition against copying goods and products. *TrafFix Devices, Inc. v. Marketing Displays, Inc*. 532 U.S. 23, 29 (2001). As the Supreme Court has explained, copying is not always discouraged or disfavored by the laws which preserve our competitive economy. *Id.*

In determining the existence of secondary meaning of trade dress, the Ninth Circuit considers a number of factors, including: (1) whether consumers associate the trade dress with the producer, (2) the degree and manner of the advertising of the trade dress, (3) the length and manner of use of the trade dress, (4) whether the claimed use of the trade dress has been exclusive, and (5) the arbitrariness or fancifulness of the trade dress at issue. *See Levi Strauss & Co v. Blue Bell, Inc,* 778 F.2d 1352, 1358 (9th Cir.1985); *Nova Wines, Inc. v. Adler Fels Winery LLC*, 467 F. Supp. 2d 965, 975 (N.D.

---

[1] While Plaintiffs bring two separate causes of action for False Description and Trade Dress Infringement (*i.e.* Causes of Action Three and Four), they appear to be the same claim. Both causes of action allege that Fiks misled consumers by creating a website that imitated Plaintiffs' website. Moreover, Plaintiffs provide no legal basis or authority for their False Description claim, which presumably arises under 15 U.S.C. §1125(a). Accordingly, Fiks treats Causes of Action Three and Four as the same claim in this motion.

Cal. 2006). Other than stating that Plaintiffs' website has "achieved secondary meaning" (Complaint ¶59), Plaintiffs failed to allege any facts in support of any of the above-mentioned factors. Merely stating that a website has achieved secondary meaning is an insufficient pleading of protectable trade dress, even under the liberal federal pleading standards. Rather, this is simply a legal conclusion, which provides no factual support for a trade dress infringement claim.[2] Because Plaintiffs have not pleaded—and cannot plead—any facts indicating that their website is so inherently distinctive such that it serves as an indication of source to consumers, Plaintiffs' trade dress claims must fail.

Plaintiffs' Third and Fourth Causes of Action also fail because Plaintiffs have not alleged any facts that indicate that their website is non-functional. In determining whether trade dress is functional, courts consider whether: (1) the trade dress design yields a utilitarian advantage; (2) alternative designs are available; (3) the advertising touts the utilitarian advantages of design; and (4) the particular design results from comparatively simple or inexpensive method of manufacture. *Global Mfg. Group, LLC v. Gadget Universe.Com*, 417 F. Supp. 2d 1161, 1168 (S.D. Cal. 2006). Again, Plaintiffs have pleaded no facts supporting the non-functionality of their website. Plaintiffs have not described what aspects of their website are non-utilitarian. Plaintiffs have not alleged that they have engaged in advertising touting the non-utilitarian aspects of their website. Plaintiffs have not explained what purported creative efforts went into creating their website design. Plaintiffs failed to even attach an image of their website to their Complaint as evidence of their purported trade dress. Instead, Plaintiffs merely offer the legal conclusion, that "[s]uch trade dress is non-functional." (Complaint ¶59). This is not a sufficient pleading.

Plaintiffs' pleading provides Fiks with no information to understand the characteristics of Plaintiffs' purported trade dress. Had Plaintiffs attached an image of

[2] The Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *In re Gupta Corp. Securities Litigation*, 900 F. Supp. 1217, 1228 (N.D.Cal. 1994). A "legal conclusion" is "a statement that expresses a legal duty or result but omits the facts creating or supporting the duty or result." BLACK'S LAW DICTIONARY (8th ed. 2004).

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

their website to the Complaint, the Court would have seen that the website looks identical to countless other websites. Simply stating that its website is non-functional and has achieved secondary meaning is not enough to withstand a facial attack. Plaintiffs have not pleaded—and cannot plead—facts sufficient to support a claim for trade dress infringement, and accordingly, the Court should dismiss their Third and Fourth Causes of Action.

## III. Plaintiffs' Claim for False Designation of Origin Fails Because There Is No Such Claim.

Plaintiffs' Fifth Cause of Action—for False Designation of Origin—fails because this is not a recognized cause of action outside the ambit of the Lanham Act or State trademark law. To the extent that Plaintiffs' Fifth Cause of Action sounds in trademark infringement under the Lanham (15 U.S.C. §§1114 or 1125) or common law trademark infringement, this cause of action merely duplicates Plaintiffs' previous causes of action. *See Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985). Accordingly, the Court should dismiss Plaintiffs' Fifth Cause of Action.

## IV. Plaintiffs Misunderstand the Tort of Trade Libel.

While Plaintiffs assert a Sixth Cause of Action for Trade Libel, they do not understand the nature of a trade libel claim. Trade libel is the intentional disparagement of the quality of property, which results in pecuniary damage to plaintiff. *Aetna Cas. and Sur. Co., Inc. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988). Trade libel is not a true libel and is not actionable as defamation. *Id.* "The distinction between libel and trade libel is that the former concerns the person or reputation of plaintiff and the latter relates to his goods." *Matter of Kasler*, 611 F.2d 308, 311 (9th Cir. 1979), *quoting In Shores v. Chip Steak Co.*, 130 Cal. App. 2d 627, 630 (1955). Plaintiffs have not alleged trade libel in their Complaint.

Plaintiffs set forth three supposed predicates for their trade libel claim:

- That Fiks allegedly misused Plaintiffs' Mark (Complaint ¶¶78-80);

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

- That Fiks allegedly stated that Plaintiffs are "ripping Limo Owners off" (Complaint ¶83);
- That Fiks allegedly stated that Plaintiffs' services are "not worth the money" (Complaint ¶83).

None of these statements/actions constitutes trade libel. First, the purported misuse of Plaintiffs' Mark is not an intentional disparagement of the Plaintiffs' property. Second, the statement that Plaintiffs are "ripping Limo [o]wners off" is not about Plaintiffs' goods or services, and thus cannot serve as the basis for a trade libel claim; rather, the statement concerns Plaintiffs' reputation. Finally, the statement that Plaintiffs' services "are not worth the money" is an opinion and not a false statement of fact. "Since mere opinions cannot by definition be false statements of fact, opinions will not support a cause of action for trade libel." *ComputerXpress, Inc. v. Jackson* 93 Cal. App. 4th 993, 1010-11 (2001). In most cases, whether a statement is fact or opinion is a question of law, and the Court puts itself in the place of an average reader to determine the natural and probable effect of the statement, considering both the language and the context. *Id.* The third statement, as a matter of law, is an opinion outside the ambit of a trade libel claim. Because Plaintiffs have not adequately pleaded a cause of action for trade libel, this claim should be dismissed.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

## V. Plaintiff's Seventh and Eighth Causes of Action Fail Because Plaintiff Has Not Identified Any Actual Business Relationships.

While Plaintiffs throw out two perfunctory interference claims, they provide no factual allegations to support these claims. In order to maintain a cause of action for interference with contract, a plaintiff must plead the existence of "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pacific Gas and Elec. Co. v. Bear Sterns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

Plaintiffs fail to allege any facts supporting a number of these elements. First and foremost, Plaintiffs do not indentify a valid contract that existed between themselves and a third party. Plaintiffs simply refer to their relationships with "multiple customers." (Complaint ¶89.) Second, Plaintiffs do not allege that Fiks had knowledge of such supposed contracts, beyond stating that certain alleged (and unspecified) "comments in online forums" evidence such. (*Id.* ¶90.) Moreover, Plaintiffs do not allege with any specificity how Fiks interfered with the contracts, beyond stating that "Defendants profited from their wrongful conduct." (*Id.* ¶94.) In other words, the most that Plaintiffs have offered are rote legal conclusions, which are incomplete at best. These allegations do not suffice even under liberal federal pleading standards, and the Seventh Cause of Action should be dismissed.

Plaintiffs' Eighth Cause of Action fares little better. To plead interference with prospective economic advantage, a plaintiff must allege "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, which acts are wrongful by some legal measure other than the fact of interference itself, (4) actual disruption of the relationship, and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Pacific Gas and Elec. Co.*, 50 Cal. 3d at 1126.

As with their Seventh Cause of Action, Plaintiffs fail to identify a sufficiently concrete economic relationship between themselves and an identifiable third party. Plaintiffs also fail to provide any facts suggesting that Fiks knew of this supposed relationship or acted with the intent to disrupt that relationship. And Plaintiffs fail to provide any information about how this supposed relationship was unlawfully disrupted. Speaking in generalities regarding "multiple third persons, containing the probability of future economic benefits" (Complaint ¶97) does not suffice to state a cause of action. *See Tele Atlas N.V. v. Navteq Corp.*, 397 F. Supp. 2d 1184, 1194 (N.D. Cal. 2005) ("Because [Plaintiffs] fail to identify the 'third parties' with which [they] had 'economic

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

relationships,' the court dismisses this claim."). Accordingly, Plaintiffs' Seventh and Eighth Causes of Action fail.

**VI. Plaintiff's Ninth Cause of Action for Unfair Competition Is a Purely Derivative Claim, Which Likewise Fails.**

Plaintiffs' Ninth Cause of Action, for violations of California Business and Professions Code §17200 *et seq.*, is entirely derivative of Plaintiffs' other claims, namely their claims for trademark infringement. Specifically, Plaintiffs allege that Fiks engaged in unfair competition under Section 17200 by misusing the "Limo Hosting" mark and "deliberately deceiving customers and potential customers by passing off his services and products as those of Plaintiff" and that such acts are "likely to mislead the general public and therefore constitute unfair, unlawful, or fraudulent business practices." (Complaint ¶¶109, 113.) Because Plaintiffs' trademark infringement claims cannot survive facial scrutiny, neither can Plaintiffs' Section 17200 claim. Accordingly, Plaintiffs' Ninth Cause of Action should be dismissed with prejudice.

## IV.

## CONCLUSION

For all of the reasons set forth above, the Court should dismiss Plaintiffs' Complaint in its entirety, with prejudice.

Dated: May 21, 2008

Kronenberger Burgoyne, LLP

By: /s/
Deepa Krishnan

Attorneys for Defendant,
MIKHAIL FIKS