**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Deepa Krishnan (Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kronenbergerlaw.com
jeff@kronenbergerlaw.com
deepa@kronenbergerlaw.com

Attorneys for Defendant MIKHAIL FIKS

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LIMO HOSTING, INC.**, a Florida corporation, **OLEG GRIDNEV**, an individual,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>**MIKHAIL FIKS (aka "Mike Fiks")** d/b/a **"FIXEDSITES.COM"**, an individual, and **DOES 1-10.**<br><br>　　　　Defendant. | CASE NO. 3:08-cv-02474-SC<br><br>**DEFENDANT FIKS'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT UNDER 12(B)(6)**<br><br>Date:　　July 11, 2008<br>Time:　　10:00 AM<br>Ctrm:　　1, 17th Floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs' Complaint is based on a material falsehood: that their purported trademark is on the Principal Register. In its Opposition to Defendant's Motion to Dismiss (the "Opposition"), Plaintiff does not deny that the trademark is actually on the Supplemental Register. Indeed, Plaintiff remarkably does not even apologize for misleading the Court, nor does it withdraw or amend its Complaint. Instead, Plaintiff continues to pursue an action which, even employing the most deferential of standards, does not withstand scrutiny as it is based entirely on unsupported legal conclusions. For the reasons set forth in Defendant's Motion, along with the reasons set forth below, the Court should dismiss Plaintiffs' Complaint with prejudice. .

## II.

## ARGUMENT

**A. Plaintiffs' Complaint Does Not Allege Secondary Meaning, Use in Commerce, or Customer Confusion, and Thus Claims One Through Five Fail.**

Claims One through Five of the Complaint require Plaintiffs to allege three common facts: (1) that the mark ("LIMO HOSTING" or the "Mark") has acquired secondary meaning, (2) that Defendant used the Mark in commerce, and (3) that Defendant's use resulted in customer confusion. *See Applied Information Sciences Corp. v. Ebay, Inc.* 511 F. 3d 966, 969 (9th Cir. 2007); *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F. 3d 1252, 1258 (9th Cir. 2001); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F. 2d 1001, 1021 (9th Cir. 1985). Without these three allegations, Claims One through Five, *i.e.* all of Plaintiffs' variants on trademark infringement and trade dress infringement, must fail.

In their Complaint, Plaintiffs allege none of the above facts. With regard to secondary meaning, Plaintiffs base their supposed exclusive rights in the Mark solely on its registration on the Principal Register. (Complaint ¶33.) As Plaintiffs now admit, this

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  statement is false.  As Defendant pointed out in his Motion to Dismiss, the Mark is on the
2  Supplemental Register, and is not entitled to any presumption of secondary meaning.
3  Having been caught in a lie, Plaintiffs now change their tune, and state in their
4  Opposition: "While supplemental registration does not constitute *prima facie* evidence
5  that the mark will receive protection as a valid trademark, it is not an admission against
6  interest . . ." (Opposition, at 4.).  While perhaps interesting commentary, the Complaint
7  still contains no allegations that the Mark has acquired secondary meaning, nor could it,
8  given the obvious generic nature of the Mark.

9      Plaintiffs' Complaint is also devoid of any allegation that Defendant used the Mark
10 or supposed trade dress in commerce.  In response, Plaintiffs repeatedly cite to
11 Paragraph 15 of their Complaint.  However, this paragraph says nothing about the
12 Defendant's use of Plaintiffs' purported trademark, let alone use of the Mark in
13 commerce.  It is unclear to Defendant what Plaintiffs mean by the "home page
14 presentation" mentioned in Paragraph 15.  It is equally unclear who, if anybody, could
15 view the Mark, if and when Defendant supposedly used it.   What is clear, however, is
16 that the Complaint does not explain "use in commerce" in sufficient detail.

17     Plaintiffs' argument regarding customer confusion also suffers from fatal defects.
18 In their Opposition, Plaintiffs rely heavily on Paragraph 17 of the Complaint, which simply
19 states: "One of Plaintiffs' clients contacted Plaintiff to advertise and Plaintiff reviewed the
20 website, thereby discovering that Defendants had been creating confusion in the
21 marketplace." (Complaint ¶17.)   This allegation does not allege customer confusion.
22 Nonetheless, Plaintiffs cite to this allegation repeatedly in their Opposition, arguing:
23 "Plaintiffs' customers recognized that Defendant was not the actual source of the
24 materials at www.limohosting.com and called to inform Plaintiffs of the confusion, thereby
25 recognizing that Plaintiffs' mark was associated with unique services," (Opposition, at 4-
26 5) and "[o]ne of Plaintiffs' customers actually realized that someone had copied Plaintiffs'
27 web site and informed Plaintiffs." (Opposition, at 7-8.)   Despite Plaintiffs' arguments,
28 Paragraph 17 says nothing of the sort.  The only thing Paragraph 17 alleges is that some

CASE NO. 3:08-cv-02474-SC         2         FIKS'S REPLY ISO MOTION TO DISMISS

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

customer phoned Plaintiffs, and Plaintiffs themselves were confused when they reviewed a website.

Because Plaintiffs have pled no facts suggesting that the Mark acquired secondary meaning in the *marketplace*, or that Defendant even used the Mark in commerce, or that Defendant's alleged use confused anyone besides Plaintiffs, Claims One through Five cannot survive basic scrutiny.

**B.     The Complaint Does Not Properly Allege Trade Libel.**

Plaintiffs and Defendant agree that that trade libel concerns "injurious falsehoods" directed at "goods a plaintiff sells." (Opposition, at 8.) Plaintiffs and Defendant also agree that trade libel has nothing to do with plaintiff's personal reputation. (*Id.*) Yet Plaintiffs now attempt to justify their Sixth Claim for Trade Libel based solely on a single statement of opinion, made by a non-party, regarding personal reputation. (Complaint ¶23.) In their Opposition, Plaintiffs misquote their own allegation (Opposition, at 8 *discussing* Complaint ¶23), in an attempt to attribute to Defendants statements of opinion made by third parties about personal reputation, *i.e.* whether Plaintiffs "rip consumer off." This is not trade libel. Accordingly, the Sixth Claim fails.

**C.     Plaintiffs Do Not Deny that the Interference Causes of Action Fail to Identify Specific Contractual Relationships.**

In order to maintain a cause of action for interference with contract, a plaintiff must plead, among other things, the existence of "a valid contract between plaintiff and a third party." *Pacific Gas and Elec. Co. v. Bear Sterns & Co.*, 50 Cal. 3d 1118, 1126 (1990). To plead interference with prospective economic advantage, a plaintiff must allege, among other things, "an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff." *Id*. at 1126. Plaintiffs cannot deny the above. Instead, they claim that "[s]pecific customers and specific contracts are facts properly left for discovery." (Opposition, at 9.) Plaintiffs are wrong.

Speaking in generalities regarding "multiple third persons, containing the probability of future economic benefits" (Complaint ¶97) does not suffice to state

interference causes of action. See *Tele Atlas N.V. v. Navteq Corp.*, 397 F. Supp. 2d 1184, 1194 (N.D. Cal. 2005) ("Because [Plaintiffs] fail to identify the 'third parties' with which [they] had 'economic relationships,' the court dismisses this claim."). While certain details may certainly be left for discovery, the identity of at least one valid contract and one economic relationship allegedly disrupted, is part and parcel of the claims Plaintiffs seek to bring. Accordingly, the Seventh and Eighth Causes of Action must be dismissed.

### D. Plaintiff's Ninth Cause of Action for Unfair Competition Is a Purely Derivative Claim, Which Likewise Fails.

Plaintiffs, perhaps recognizing the weaknesses in their current pleading, now claim that "even if no cause of action lies against the Defendant, Defendant's conduct in the marketplace was a violation of Section 17200 sufficient to state an independent cause of action." (Opposition, at 12). However, as pled in the Complaint, the Ninth Cause of Action is entirely derivative of Plaintiffs' claims for trademark infringement and trade libel. (Complaint ¶¶106-11.) There is no room for Plaintiffs to now argue, outside the pleadings, that unspecified and unpled allegations form the basis of their Section 17200 claim. In other words, because Plaintiffs' other claims do not survive facial scrutiny, neither does its Section 17200 claim. Accordingly, Plaintiffs' Ninth Cause of Action should be dismissed with prejudice.

### IV.

### CONCLUSION

For all of the reasons set forth above, the Court should dismiss Plaintiffs' Complaint in its entirety, with prejudice.

Dated: June 27, 2008                         Kronenberger Burgoyne, LLP

                                             By:_____/s/_____
                                                         Deepa Krishnan

                                             Attorneys for Defendant, MIKHAIL FIKS