Timothy J. Walton (State Bar No. 184292)
WALTON & ROESS LLP
407 South California
Suite 8
Palo Alto, CA 94306

Phone (650) 566-8500
Fax: (650) 618-8687

Attorneys for Plaintiffs
LIMO HOSTING, INC. and OLEG GRIDNEV

# UNITED STATES DICTRIC COURT

# NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIMO HOSTING, INC., *et al.* | CASE NO. 3:08-cv-02474-SC |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Conference Date: August 15, 2008 |
| MIKHAIL FIKS, *et al.* | Time: 10:00 a.m. |
| Defendants. | Judge: Honorable Samuel Conti |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Northern District of California Standing Order, Plaintiffs Limo Hosting, Inc. and Oleg Grisnev and Defendant Mikhail Fiks, herein collectively referred to as the "Parties," respectfully submit the following Rule 26(f) Report and Case Management Conference Statement (the "Statement"). :

**1. Jurisdiction:** The Partiers agree that the Court has jurisdiction over the claims raised in this action and that the basis for the Court's subject matter jurisdiction over Plaintiffs' claims is federal question. All current Parties in this case have been duly served.

**2. Facts:**

**a.     Plaintiffs' Statement (Contested by Defendant)**.   Plaintiffs bring this action against Defendants for misappropriation of Plaintiffs' intellectual property, defamation, interference with contracts and potential economic advantage, creating confusion in the marketplace and for unfair

business practices. Plaintiffs contend that Defendant Mikhail Fiks has been usurping Plaintiffs' work even as he denigrates Plaintiffs in online forums. Plaintiffs seek damages for Defendant's conduct and an order that Defendants cease the unfair business practices.

The following is a brief chronology of the facts and a statement of the principal factual issues in dispute as alleged by Plaintiffs:

- Plaintiffs are in the business of designing, creating and hosting web sites for companies providing limousine services.

- Plaintiff OLEG GRIDNEV has exclusive rights in the registered service mark "Limo Hosting", USPTO # 3022308, for design, creation, hosting, and maintenance of web sites for others.

- Plaintiffs OLEG GRIDNEV has authorized use of the mark to only one person: Plaintiff LIMO HOSTING, INC.

- Plaintiffs have used multiple marks in commerce, including "Limo Hosting", "Limo Link Exchange" and "US Limo Directory".

- Defendant FIKS competes with Plaintiffs in the industry niche of design, creation hosting and maintenance of web sites for companies providing limousine services.

- Sometime prior to July of 2007, Defendant copied the entire home page presentation from http://www.limohosting.com and pasted it onto the commercial web site at http://www.fixedsite.com.

- Defendant copied images and content, and sold the work as his own to Plaintiffs' clients.

- One of Plaintiffs' clients contacted Plaintiffs to advertise and Plaintiffs reviewed the web site, thereby discovering that Defendant had been creating confusion in the marketplace.

- On or about July 2, 2007, Plaintiffs informed Defendant of Plaintiffs' registered service mark for "Limo Hosting" and demanded that they to cease and desist infringing upon Plaintiffs' intellectual property. Defendant FIKS acknowledged receipt by email the same day.

- Defendant removed some of the infringing material, but continued to use more of Plaintiffs' content on duplicate web sites, such as http://www.fixedsite.com/limo_hosting_basic.html, using Plaintiffs' trademark in the meta tags.

- Defendant created another web site where they copied untrue allegations about Plaintiffs made in an online forum, and did not include Plaintiffs' response made in that same forum.

- Defendant said, in an online forum at http://www.ripoffreports.com, "I have been in the website development and hosting business much longer than this Oleg Gridnev aka Alex."

- The statement was untrue because Defendant' first web site predates Plaintiffs' service mark by only a few months.

- Defendant stated, in an online forum at http://www.ripoffreports.com, "We created www.FreeLimoWebsites.com because MANY limousine companies complained about Mr. Oleg over and over. They also mentioned how he rips them off charging $1500 to start and $150 per month hosting... Thats crazy prices. We provide the same services at a fraction of the cost and now This guy goes off slandering us."

- Defendant further stated in the same online forum:

    "I am glad the world knows about your anger problem.
    Oleg and limohosting.com. LimoHosting.com is known by
    BBB by name due to so many bad reports.

    Oleg has been calling and harassing us since June of 2004
    so this is a constant problem for him. We take each call as a
    complement. If Oleg is calling us to complain we MUST be
    doing something right. Maybe he is mad because someone
    is finally offering services at a reasonable cost instead of
    being ripped of by him.

    Let's take this to the judge along with your comments, Lets
    also add the slander and deformation of chatractor with the
    kind words you left me on --------, and add the voice mails
    you left that you are going to visit Los Angeles with your
    friends and pay me a visit to 'Cut me up'.. I have collected
    all voicemails and emails you have sent me... You should

skipp the Court case and go straight to Jail. You have threatened my life and My families lives. This is not only unprofessional this is also enough to place you in jail for a few years.

Oleg... Stop ripping Limo Owners off!!! Your services are not worth the money..

Limo company ownres be aware of his scams... Don't get trapped as he attempts to steal your company domain name if you upset him...

Give us a call 866-453-4933 if this guy is giving you problems also... We have had many of his previous customers move over to our services because of this persons poor attitude.. ( I don't blame them )

We have the answer for you... Don't waste $150 a month with Oleg when we provide the same services for ONLY $9.95... call us 866-453-4933

Keep complaining Oleg... You have no legal leg to stand on.. We NEVER plagerized you website... Nor ever will.. Our business has been online and registered long before you ever left the Moscow Circus.

We currently have 4 previous customers of Oleg Gridnev and LimoHosting.com that are looking forward to the case as they will testify on ourt behalf. If you have been mistreated, harassed or overcharged by LimoHosting.com and Oleg, and would like to be included in this case please call us at 866-453-4933"

- Among other things, the statements were untrue because Plaintiffs do not charge a set-up fee or demand an annual contract, nor is there any hosting fee when the customer pays to advertise on Plaintiffs' web sites.

- Defendant also untruthfully stated his own pricing policies, compared with statements on his own web sites.

- Plaintiffs have suffered damages as a result of Defendant' wrongful conduct.

- Defendant actually profited and continues to profit and is unjustly enriched from his wrongful conduct.

b.  **Defendant's Statement (Contested by Plaintiffs)**.  Plaintiffs do not have trademark rights in the generic phrase, "Limo Hosting," particularly given that the phrase is used to describe the services offered by Plaintiffs – web hosting for limo companies.  Moreover, Defendant denies the allegations set forth in Plaintiffs' Complaint.  Provided the Court does not dismiss the action, Defendant intends to file counterclaims against Plaintiffs for, among other things, interference with contractual relations, unfair business practices, and defamation. Plaintiffs have intimidated and harassed Defendant and its customers, all under the guise of non-existent intellectual property.  Defendant has suffered a variety of damages, in both a professional and personal capacity, as a result of Plaintiffs' unlawful activities.

3.  **Legal Issues**: Plaintiffs have alleged the following legal issues: trademark infringement by Defendant in violation of the Lanham Act, 15 U.S.C. § 1114; common law trademark violations by Defendant; false description or representation of business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act); trade dress infringement by Defendant; false designation of origin; trade libel by Defendant; interference with contract by Defendant; interference with prospective economic advantage; and Defendant's actions constitute unfair competition under California Business and Professions Code § 17200.

Defendant has filed a Motion to Dismiss Plaintiffs' Complaint under FRCP 12(b)(6).  If this action proceeds, Defendant will be asserting counterclaims against Plaintiffs.

4.  **Narrowing of Issues:**  The Parties do not feel they are presently in a position to address whether it is feasible or desirable to: (a) narrow the issues in the case by agreement or motion, (b) bifurcate the issues, claims or defenses at trial, or (c) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues.

5.  **Motions**:   Defendant has filed a Motion to Dismiss.  If this case continues, the Parties anticipate filing motions for summary judgment.

6.  **Relief**:  Plaintiffs are seeking equitable relief in the form of an injunction prohibiting Defendants and each of them, either directly or through agents, servants, and employees, and all persons

acting under, in concert with, or for them, from using Plaintiffs' intellectual property for commercial purposes; equitable relief in the form of an injunction requiring that Defendants disavow their untrue statements on any online forum where such untrue comments have been made; general damages in an amount to be proven at trial; special damages in an amount to be proven at trial; punitive damages in an amount to be determined by the Court; attorneys' fees as allowed by law; and costs of suit.

**7. Discovery:** The parties do not suggest that any changes be made in the timing, form, or requirement for disclosures under Rule 26(a)(1).

The parties do not propose that any changes be made from the discovery rules in the Federal Rules of Civil Procedure nor the Local Rules of the Northern District of California.

Defendant anticipates propounding discovery on the following general subjects:

1. Plaintiffs' business models, specifically regarding its hosting services, pricing, and customer satisfaction;
2. Plaintiffs' alleged rights in the supposed trademark at issue in this case;
3. Plaintiffs' website design and creation;
4. Communications between Plaintiffs and Defendant;
5. Communications between Plaintiffs and third parties regarding the allegations in the Complaint or Defendant;
6. Threats made by Plaintiffs against Defendant and/or third parties;
7. All witnesses or persons with potential knowledge of any of the above.

**8. Amendment of Pleadings**: If the Court does not dismiss the Complaint in its entirety, Plaintiffs anticipate amending Complaint and Defendant anticipates filing counterclaims against Plaintiffs. Defendant has not yet filed a responsive pleading.

**9. Evidence Preservation**: The Parties have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

**10. Disclosures:** The Parties anticipate a full and timely disclosure in compliance with the initial disclosure requirements of Fed. R. Civ. P. 26.

**11. Related Cases:**  The Parties are unaware of any related actions.

**12. Settlement and ADR:** Defendant is amenable to an early mediation and has advised Plaintiff of same. Plaintiffs will agree to an early neutral evaluation and have advised Defendant of same.

**13. Consent to Magistrate Judge For All Purposes**: The Parties consent to a Magistrate judge in this case.

**14. Other References:** The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Expedited Schedule:** This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**16. Trial:** Plaintiffs request jury trial. Plaintiffs anticipate that the case can be presented to the Court in no more than ten days.

**17. Scheduling:**

The Plaintiff proposes the following dates and deadlines.

Designation of Experts:    January, 2009

Discovery Cut-Off:    February, 2009

Hearing on Dispositive Motions:    May, 2009

Pretrial Conference:    July, 2009

Trial:    August, 2009

The Defendant proposes the following dates and deadlines.

Designation of Experts:    July, 2009

Discovery Cut-Off:    August, 2009

Hearing on Dispositive Motions:    November, 2009

Pretrial Conference:    January, 2010

Trial:    February, 2010

**18. Disclosure of Non-party Interested Entities or Persons:** The Parties know of no non-party interested entities or persons. They intend to file Certifications for the Court as appropriate.

CASE NO. 3:08-cv-02474-SC                                                                                           7
JOINT CASE MANAGEMENT STATEMENT

**19. Other Matters:** None.

Dated: August 08, 2008

WALTON & ROESS LLP

By: /s/   Timothy J. Walton
Timothy J. Walton, Attorneys for Plaintiffs

Dated: August 08, 2008

KRONENBERGER BURGOYNE, LLP

By: /s/  Deepa Krishnan   Deepa Krishnan, Attorneys for Defendant MIKHAIL FIKS