UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIMO HOSTING, et al., ) | |
| ) | |
| Plaintiffs, ) | No. C 08-2474 BZ |
| ) | |
| v. ) | |
| ) | **ORDER DISMISSING DEFENDANT** |
| MIKHAIL FIKS, et al., ) | **JANICE L. DOWNS FOR LACK OF** |
| ) | **PERSONAL JURISDICTION** |
| Defendants. ) | |

On October 14, 2008, plaintiffs Limo Hosting, Inc., a Florida corporation, and Oleg Gridnev, a Florida resident, filed an amended complaint against defendants Mikhail Fiks and Janice L. Downs.[1] The amended complaint alleged trademark and copyright claims and related state tort claims. On October 29, 2008, defendant Downs, who was not named in the original complaint, acting pro se, filed a letter with the court. In her letter she stated that she is a resident of Florida and has lived there all of her life; that she visited California once about ten years ago for two days; that she has no other

---

[1] All parties have consented to my jurisdiction, for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

1    contacts with California and that she and her business partner
2    operate a small limousine service company in Orlando, Florida
3    which only operates in Florida and has no contacts with
4    California.  She stated that co-defendant Fiks has done some
5    work on her company's website but this arrangement did not
6    have any connection with California and she was not even aware
7    that Fiks lived or worked in California.  These statements,
8    she swore, were all true and accurate.
9         I deemed this letter to be a motion to dismiss for lack
10   of personal jurisdiction filed by a pro se litigant and set a
11   briefing and hearing schedule, which, among other things
12   required plaintiffs to file an opposition by November 10,
13   2008.
14        When plaintiffs failed to file an opposition I issued a
15   tentative ruling granting the motion as unopposed.  On
16   November 24, 2008, without seeking leave of court to file a
17   late opposition, plaintiffs filed an opposition.  Essentially,
18   they argue that in their complaint they pled sufficient facts
19   to establish personal jurisdiction over Downs.  While they
20   assert that their first amended complaint was verified, it was
21   not and plaintiffs filed no declaration controverting Ms.
22   Downs' sworn statement.
23        The only jurisdictional allegation in the amended
24   complaint as to Downs is that she is an individual doing
25   business in Florida. (Pl.'s First Amend. Compl. ¶ 7.)  While
26   the amended complaint alleges that Downs committed a variety
27   of torts and illegal acts, none are alleged to have occurred
28   in California.  Instead, the complaint alleges that both

                                    2

1  plaintiffs and Downs are Florida residents.  In their
2  opposition, plaintiffs claim that Downs contracted with co-
3  defendant Fiks in California and that plaintiffs were harmed
4  in California as a result of this contract.[2]  (Pl.'s Opp. p.
5  2:4-6.)  Not only do these allegations not appear in the
6  amended complaint, they are not supported by any declaration
7  or evidentiary showing.

8      The burden of sustaining personal jurisdiction is on the
9  plaintiffs as the parties asserting jurisdiction.  *See e.g.*
10 Taylor v. Portland Paramount Corporation, 383 F.2d 634, 639
11 (9th Cir. 1967).  When a defendant moves to dismiss for lack
12 of jurisdiction and supports the motion with a factual showing
13 asserting a lack of contact with California, the burden shifts
14 to the plaintiffs to make a prima facie factual showing to
15 support their allegations.  Plaintiffs have failed to do this.
16 The allegations in their pleading do not help them and they
17 cannot rely on assertions in their lawyer's brief.  *See e.g.*,
18 Oakley, Inc. v. Jofa AB, 287 F. Supp. 2d 1111, 1114 (C.D. Cal.
19 2003) (citing 4 Charles Alan Wright & Arthur R. Miller,
20 Federal Practice and Procedure § 1067.6 (3rd ed. 2002)); Fahmy
21 v. Hogge, No. C08-1152, 2008 WL 4614322, at *16 (C.D. Cal.
22 October 14, 2008); Advanced Software, Inc. v. Datapharm, Inc.,

---

[2]  Plaintiffs' reliance on Calder v. Jones, 465 U.S. 783 (1984) is misplaced.  There the court found personal jurisdiction in California over a reporter and editor of defendant National Enquirer, which was distributed in California.  The defendants were sued over a stay concerning the California activities of a California resident, which was drawn from California sources and harmed plaintiff in California.  Id. at 788-9.  No comparable showing, or even allegations, were present here.

1  No. C98-5943, 1998 WL 35151366, at *3 (C.D. Cal. November 06,
2  1998) (citing Gallery 13 Ltd. v. Easter, 1995 U.S. Dist. LEXIS
3  5807, 1995 WL 258143, at *2 (S.D.N.Y. May 2, 1995); Harry
4  Winston, Inc. v. Waldfogel, 292 F. Supp. 473 (S.D.N.Y. 1968)).

   **IT IS THEREFORE ORDERED** that Downs' motion is **GRANTED** and this complaint is **DISMISSED** as to Janice Downs for lack of personal jurisdiction.  There is no need for any further briefing or a hearing on this issue and Downs is relieved of having to file a reply to plaintiffs' opposition.

Dated: December 3, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\LIMO HOSTING V. FIKS\ORDER DISMISSING DEF DOWNS.wpd

4