UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIMO HOSTING, INC., a Florida corporation, OLEG GRIDNEV, an individual,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>MIKAIL FIKS (aka "Mike Fiks") d/b/a "FIXEDSITES.COM", an individual, and DOES 1-10.<br><br>　　　　Defendant(s). | No.  C 08-2474 BZ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FIKS' MOTION TO DISMISS** |

Defendant Fiks moves to dismiss the first and second causes of action in plaintiffs' amended complaint ("complaint")[1], which allege statutory trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114[2], and common

---

[1] All parties have consented to my jurisdiction, for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

[2] 15 U.S.C. § 1114 (1)(a) creates civil liability in anyone who makes use in commerce of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark" in connection with the sale of goods where such use "is likely

1

1  law trademark infringement, respectively.[3]  Defendant asserts
2  that the mark "Limo Hosting" is a generic mark registered on
3  the supplemental register, which entitles plaintiffs to no
4  presumption of validity regarding plaintiffs' exclusive right
5  to use the mark in commerce and that plaintiffs have not
6  alleged any facts suggesting that the mark has acquired
7  "secondary meaning."
8      Taking the allegations of the complaint as true,
9  plaintiffs have adequately alleged that their mark has
10 acquired secondary meaning through many years of exclusive use
11 and advertising via the use of meta tags and search engine
12 optimization of web sites.  (*See* Pl.'s Amend. Compl. ¶¶ 14-
13 16.)  Plaintiffs have also alleged that their customers have
14 been confused about the source of materials bearing the mark
15 and that one of their customers asked plaintiffs whether they
16 had authorized the use of the mark to defendant.  (*See* Pl.'s
17 Amend. Compl. ¶¶ 17-18.)  Because plaintiffs have alleged
18 sufficient facts to plead secondary meaning, defendant's
19 ///
20 ///

---

to cause confusion, or to cause mistake, or to deceive."

[3]   Plaintiffs' mark is listed on the supplemental register.  Registration of a mark on the supplemental register confers no substantive trademark rights beyond those under common law; therefore, plaintiffs' substantive trademark rights are only those available under the common law.  *See* <u>Creagri, Inc. v. Usana Health Scis.</u>, 2005 U.S. Dist. LEXIS 43196 *9 (N.D. Cal. January 26, 2005) (citing <u>In re American Fertility Society</u>, 188 F.3d 1341, 1343 (Fed. Cir. 1999)); *see also* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 19:36 (4th ed. 1999) ("Supplemental registration confers no substantive trademark rights beyond those under common law.").

motion to dismiss plaintiffs' trademark claims is **DENIED**.[4]

Defendant next argues that the complaint fails to state a claim for trade dress infringement. To state a claim for trade dress infringement under the Lanham Act, plaintiffs must allege facts that demonstrate that their trade dress is (1) non-functional, (2) distinctive, and (3) is likely to be confused with defendant's product by members of the consuming public. <u>Clicks Billiards, Inc. v. Sixshooters, Inc.</u>, 251 F.3d 1252, 1258 (9th Cir. 2001); <u>Nova Wines, Inc. v. Adler Fels Winery LLC</u>, 467 F.Supp.2d 965, 975 (N.D. Cal. 2006). The Supreme Court has held that trade dress is "distinctive and capable of being protected if it *either* (1) is inherently distinctive *or* (2) has acquired distinctiveness through secondary meaning." <u>Two Pesos, Inv. v. Taco Cabana, Inc.</u>, 505 U.S. 763, 769 (1992) (emphasis in original).

Defendant asserts that plaintiffs' complaint is deficient because it fails to adequately plead how plaintiffs' trade dress is non-functional as well as how it is either inherently distinctive or has achieved secondary meaning.

"A product feature is functional if it is essential to the product's use or if it affects the cost and quality of the product." <u>Rachel v. Banana Republic</u>, 831 F.2d 1503, 1506 (9th

---

[4] Defendant's argument that plaintiffs failed to "explain if or how [defendants] supposedly used [p]laintiffs' trademark in commerce" is misguided. (Def.'s Mot. to Dismiss p.3.) The complaint alleges that defendant copied plaintiffs' website, and therefore their marks, and used the copied materials to do business on a commercial website. (*See* Pl.'s First Amend. Compl. ¶¶ 23, 29, 30, 34, 45.) This is sufficient. *See* <u>Bosley Med. Inst., Inc. v. Kremer</u>, 403 F.3d 672, 677 (9th Cir. 2005).

1  Cir. 1987).  Functional features are the "actual benefit" that
2  a consumer wishes to purchase, as distinguished from an
3  assurance that a particular entity made, sponsored, or
4  endorsed a product.  <u>Rachel</u>, 831 F.2d at 1506.  "In
5  determining functionality, a product's trade dress must be
6  analyzed as a whole."  <u>First Brands Corp. v. Fred Meyer, Inc.</u>,
7  809 F.2d 1378, 1381 (9th Cir. 1987).  Inquiry "is not directed
8  at whether the individual elements are functional but whether
9  the whole collection of elements taken together are
10 functional."  <u>International Jensen v. Metrosound U.S.A.</u>, 4
11 F.3d 819, 823 (9th Cir. 1993).  Unique arrangements of "purely
12 functional features" are a functional design not entitled to
13 section 1125(a) protection.  <u>Rachel</u>, 831 F.2d at 1506.
14      Functionality is a question of fact.  <u>Vision Sports, Inc.
15 v. Melville Corp.</u>, 888 F.2d 609, 614 (9th Cir. 1989) (citing
16 <u>Clamp Mfg. Co. v. Enco Mfg. Co.</u>, 870 F.2d 512, 514 (9th Cir.
17 1989)).  Factors to consider include whether: (1) a particular
18 design yields a utilitarian advantage; (2) alternative designs
19 are available to avoid hindering competition; and (3) the
20 design achieves economics in manufacture or use.
21 <u>International Jensen</u>, 4 F.3d at 823.
22      Here, the complaint lacks non-functionality factual
23 allegations.  In the complaint, plaintiffs state in conclusory
24 fashion that they use a "unique combination of color, print
25 type and layout in marketing materials" that is non-functional
26 and that the trade dress is non-functional because "it is
27 unique and it has been the subject of wide and intensive
28 advertisement, and/or a combination of both."  (Amd. Compl. ¶¶

4

94, 95.)  Missing are factual allegations of non-functionality addressing such factors as utilitarian advantage, availability of alternative designs, and economies in manufacture or use. No picture of the trade dress is attached.  Accordingly, defendant's motion to dismiss plaintiffs' fourth cause of action is **GRANTED**.

Finally, defendant argues that plaintiffs fail to state a claim for copyright infringement because they fail to allege when the infringement occurred.  However, plaintiffs allege that the infringement occurred sometime prior to July 2007, and that defendant continues to infringe.[5]  (*See e.g.,* Pl.'s Amend. Compl. ¶¶ 29, 33.)  Defendant's motion to dismiss plaintiffs' sixth cause of action is **DENIED**.[6]

Defendant shall answer by **January 7, 2009.**

Dated: December 17, 2008

_____
Bernard Zimmerman
United States District Judge

G:\BZALL\-BZCASES\LIMO HOSTING V. FIKS\12(B)(6)FAC.FINAL RULING.10.17.08.WPD

---

[5] Defendant's argument that plaintiffs' descriptions of the copyrights are insufficiently pled also fails.  Plaintiffs allege the identities of their copyrights, and also allege which websites they believe were infringed and which copyrighted sales pitches were allegedly infringed.  These facts are sufficient to state a cognizable claim of copyright infringement.

[6] Defendant's request for sanctions is **DENIED**.  To the extent that any party has unnecessarily multiplied these proceedings, it is defendant who has done so with the filing of such a specious sanctions motion.

5