UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIMO HOSTING, et al., ) | |
| ) | |
| Plaintiffs, ) | No. C 08-2474 BZ |
| ) | |
| v. ) | **FINAL PRETRIAL ORDER** |
| ) | |
| MIKHAIL FIKS, et al., ) | |
| ) | |
| Defendants. ) | |

The pretrial conference in this case were held on September 8, 2009. Limo Hosting, Inc. ("Limo Hosting") and Oleg Gridnev ("Gridnev") (collectively "plaintiffs") were represented at the conference by Timothy James Walton, Esq. Mikhail Fiks ("defendant") was represented by Karl Stephen Kronenberger, Esq. and Jeffrey Michael Rosenfeld, Esq.

This Order shall control the subsequent conduct of the case and be modified only to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e).

**1. LENGTH AND TIME OF TRIAL**

Trial shall begin on Tuesday, September 29, 2009, at 8:30 a.m. in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102. The trial

1  schedule is as follows:  8:30 a.m. - 1:30 p.m.
2       Plaintiffs shall be prepared to call witnesses Tuesday,
3  September 29, 2009.  Each side shall schedule witnesses to
4  avoid any interruption in the presentation of testimony.
5  During the trial, witnesses, other than counsel and their
6  clients, shall remain sequestered outside the courtroom until
7  they are called to testify.
8       **2.   CLAIMS TO BE TRIED**
9       The following claims will be tried to a jury: (1)
10 statutory trademark infringement; (2) common law trademark
11 infringement; (3) false description and false designation of
12 origin; (4) copyright infringement; (5) trade libel; (6)
13 interference with contract; (7) and interference with
14 prospective business relations.  The following counterclaims
15 will be tried to a jury: (1) intentionally interfering or
16 attempting to interfere with defendant's civil rights by
17 threatening or committing violent acts; (2) cybersquatting;
18 and (3) defamation.  The equitable claims will be decided by
19 the Court.
20      To the extent that the parties have referred to other
21 claims and affirmative defenses in their pleadings or pretrial
22 statements but failed to propose jury instructions on such
23 claims and defenses, the Court deems that the parties have
24 waived any such claim.
25      As stated at the pretrial conference, the Court urges
26 both parties to scrutinize their respective claims to avoid
27 unnecessary repetition or cumulation.
28 ///

1  **3.   MOTIONS**
2       a.   Defendant's unopposed request for leave to call
3            Mr. Sharp via videoconferencing (Doc. No. 92)
4            is **GRANTED**.  Defendant shall arrange for the
5            videoconferencing.
6       b.   Defendant's motion for sanctions is **GRANTED**.
7            Defendant is awarded **$1,882.92** in attorneys'
8            fees from plaintiffs' counsel for fees incurred
9            as a result of counsel's failure to comply with
10           the Court's pretrial procedures.  This award is
11           based on the billing records submitted by
12           defense counsel, and reflects only those fees
13           the Court concludes were unnecessarily incurred
14           as a result of plaintiffs' counsel's
15           derelictions.
16  **4.   EXHIBITS AND EVIDENCE**
17       For the reasons articulated on the record at the
18  pretrial conference, the Court rules on the objections to
19  exhibits as follows:
20       a.   Defendant's objection to Plaintiffs' Exhibits 1
21            and 2 is **GRANTED**.  Defendant's deposition
22            testimony may only be used at trial for
23            impeachment purposes.
24       b.   Defendant's objection to Plaintiffs' Exhibit 7
25            is **DENIED** subject to renewal at trial if the
26            exhibit is not authenticated.
27       c.   Defendant's objection to Plaintiffs' Exhibits 8
28            and 9 is **GRANTED**.  Plaintiffs' Exhibits 8 and 9

|   |   |
|---|---|
| 1 | shall be excluded from use at trial. |
| 2 | d.   Defendant's objection to Plaintiffs' Exhibits |
| 3 | 17 and 18 is **DENIED** subject to renewal at trial |
| 4 | if the exhibits are not authenticated. |

Exhibits shall not be a part of the record or go to the jury unless sponsored by a witness or otherwise brought to the jury's attention.

The parties must lodge the entire transcript of all depositions they anticipate using at trial by the start of trial.

**5.   JURY INSTRUCTIONS**

Rulings on the instructions were made on the record at the pretrial conference on September 8, 2009.  Instructions submitted by both parties, listed on attachment A, are deemed joint instructions.  The Court will shortly lodge a proposed set of final instructions, to which the parties may object.

As discussed on the record at the pretrial conference, the parties shall submit their joint revisions of the trade libel instructions, CACI Instruction 3940, as well as any instruction on the affirmative defense of "unclean hands" by **Wednesday, September 16, 2009**.

**6.   MISCELLANEOUS**

The parties have until **Wednesday, September 16, 2009** to lodge any objections to the Court's voir dire questions which were distributed.

Any party who desires a transcript of the trial must make arrangements with the court reporter.  Any party who needs an interpreter or audio or visual equipment shall make its own

4

1 | arrangements for same and clear all such equipment with court
2 | security personnel.
3 |      The parties are instructed to notify the Court
4 | immediately if this action should settle before the
5 | commencement of trial.
6 | Dated: September 9, 2009

*Bernard Zimmerman*
Bernard Zimmerman
United States Magistrate Judge

10 | G:\BZALL\-BZCASES\LIMO HOSTING V. FIKS\PRETRIAL\PRETRIAL ORDER.V1.BZ.wpd

**Attachment A: Joint Exhibits**

| INSTRUCTION NO. | JOINT |
|---|---|
| MMIJI No. 1.5 | Joint |
| MMIJI No. 2.10 | Joint |
| MMIJI No. 15.0 | Joint |
| MMIJI No. 15.5 | Joint |
| MMIJI No. 15.8 | Joint |
| MMIJI No. 15.9 | Joint |
| MMIJI No. 15.10 | Joint |
| MMIJI No. 15.12 | Joint |
| MMIJI No. 15.16 | Joint |
| MMIJI No. 15.24 | Joint (Section on actual notice added by plaintiffs) |
| MMIJI No. 15.25 | Joint |
| No.___("Common Law Trademark Infringement") | Joint |
| No.___("False Description & False Designation of Origin) | Joint |
| MMIJI No. 17.0 | Joint |
| MMIJI No. 17.4 | Joint |
| MMIJI No. 17.5 | Joint |
| MMIJI No. 17.12 | Joint |
| MMIJI No. 17.22 | Joint |
| MMIJI No. 17.23 | Joint |
| No.___("Trade Libel") | Joint |
| No.___("Trade Libel Damages") | Joint |
| CACI 1707 | Joint |
| CACI 2201 | Joint |

| | |
|---|---|
| CACI 2202 | Joint |
| CACI 3900 | Joint |
| CACI 3903N | Joint |
| CACI 3025 | Joint |
| CACI 3027 | Joint |
| CACI 3940 | Joint |
| No.___("Cybersquatting Introduction") | Joint |
| No.___("Cybersquatting Liability") | Joint |
| No.___("Cybersquatting Statutory Damages") | Joint |
| CACI 1702 | Joint |