UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIMO HOSTING, et al., | ) | |
| Plaintiffs, | ) | No. C 08-2474 BZ |
| v. | ) | **ORDER PARTLY GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |
| MIKHAIL FIKS, et al., | ) | |
| Defendants. | ) | |

Following a jury verdict against Limo Hosting, Inc. and Oleg Gridnev (plaintiffs) on all their claims and in favor of defendant and counterclaimant Mikhail Fiks (defendant) in the amount of $41,000 against plaintiffs for cybersquatting and Bane Act violations, defendant filed this motion seeking attorneys' fees of $125,548.42.

Defendant first seeks fees for defending the copyright claim. In the Ninth Circuit, "an award of attorney's fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of district courts." Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1229 (9th Cir.

1

1997) cert. denied, 523 U.S. 1021 (1998), quoting <u>Fantasy, Inc. v. Fogerty</u>, 94 F.3d 553, 555 (9th Cir. 1996).  The factors to be considered in awarding attorneys' fees to a prevailing party in a copyright action include "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deference."  <u>Id.</u> at 1229.

    The jury found that plaintiffs did not have a valid copyright.  Defendant was very successful in this regard and this factor favors the award of fees.

    I do not find that plaintiffs' action for copyright infringement was frivolous.  The jury's verdict turned more on plaintiffs' failure to present competent evidence than it did on any finding that the claim was baseless, meritless, or instituted for a vexatious purpose.  This factor weighs against awarding fees.

    I find that plaintiffs had a mixed motive in this case. On the one hand, Gridnev testified that he filed this action because he felt that defendant had wrongfully copied his sales pitch and website.  On the other hand, Gridnev repeatedly threatened defendant over the phone, which indicates that plaintiffs' motivation was to harass.  I find that this factor does not favor either party.

    This copyright claim was not objectively unreasonable. At trial, Gridnev testified that he had copyrighted his sales pitch and that he subsequently saw the same sales pitch word-

2

for-word on defendant's website.  Though Gridnev ultimately did not convince the jury that he owned a valid copyright, this speaks more to a failure to introduce evidence than to the claim being objectively unreasonable.  This favor weighs against awarding fees.

Finally, I do not find that an award is necessary to further deter plaintiffs.  There is no evidence that plaintiffs have engaged in similar lawsuits.  Plaintiffs lost on all of their claims and now have a judgment against them for violating the Bane Act.  That judgment, in addition to an award of attorneys' fees under the Bane Act, will adequately deter plaintiffs and compensate defendant.  This factor weighs against an award of fees.  In sum, the factors do not weigh in favor of an award under the Copyright Act.  In addition, as discussed below, Fiks failed to break out the time he spent in defending the copyright claim.

Fiks also seeks fees for succeeding on his Bane Act counterclaims.  Under Section 52.1(h) of the California Civil Code, a prevailing party in a Bane Act case may be awarded attorneys' fees, at the discretion of the trial court.  <u>Moran v. Oso Valley Greenbelt Ass'n</u>, 117 Cal.App.4th 1029, 1034 (2004).  I find that defendant is entitled to attorneys' fees for prosecuting his Bane Act claims.  The jury found that plaintiffs' actions were sufficiently egregious so as to warrant punitive damages.  Plaintiffs in their opposition do not contend that defendant is not entitled to attorneys' fees for the Bane Act claim.  Instead, they contend that the fee request is unsubstantiated and unreasonable.  This argument

3

has some merit.

Under federal and state law, a party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  A litigant who did not succeed on all claims should produce records sufficient to provide the court with "'a proper basis for determining how much time was spent on particular claims'". Id. at 437, fn. 12.  The Court may properly reduce compensation on account of any failure to maintain appropriate time records.  Id. at 438, fn. 13; accord, ComputerXpress, Inc. v. Jackson, 93 Cal.App.4th 993, 1020 (2001).

Here, the Court's ability to rule on his motion is obstructed by Fiks' failure to allocate the fees he seeks between his defense of the copyright claim; his defense of plaintiffs' other claims for which defendant has no fee claim, or is not asserting one; his prosecution of the Bane Act counterclaim; his prosecution of the cybersquatting counterclaim for which he claims no fees and his prosecution of the defamation counterclaim which he lost.

I have exercised my discretion under Hensley and its progeny in the following manner: First I have eliminated all hours claimed before December 11, 2008, the first date that the counterclaims are mentioned in the billing records, on the grounds that that time was devoted to defending the complaint. I have carefully reviewed each of the time entries after December 11, 2008 and discounted all fees requested.  For entries where time could be attributed both to defending

4

1 plaintiffs' claims and prosecuting the counterclaims, I
2 awarded defendant one-third of the requested fees, after
3 deducting one half (or three-sixths) of the claimed time as
4 attributable to defending the complaint, and an additional
5 one-sixth as attributable to prosecuting the cybersquatting
6 claim, for which no fees were sought, and the defamation
7 claim, which Fiks lost.  In my judgment, having presided over
8 this case for over a year, and having presided over the trial,
9 little time in addition to what was spent on the Bane Act
10 claim was spent on the prosecution of the defamation claim and
11 less time was spent on the cybersquatting claim than on the
12 Bane Act Claim.  Following the same methodology, I awarded
13 Fiks two-thirds of all time which could be attributed only to
14 prosecuting the counterclaims.  Where I could not tell from
15 the time records for which claims the work was performed,
16 entries such as drafting discovery, I awarded nothing, since
17 defendant has the burden of producing adequate records.  In
18 addition, I chose not to award any fees for time spent in
19 preparing defendant's motion to compel filed April 21, 2009,
20 since it was filed in violation of my prior Scheduling Order.
21 See Docket No. 72.

22      A reasonable fee is "the number of hours reasonably
23 expended on the litigation multiplied by a reasonable hourly
24 rate."  Hensley, 461 U.S. at 432; Serrano v. Priest, 20 Cal.3d
25 25, 48 (1977).  The reasonableness of an hourly rate is
26 determined by examining the rates "prevailing in the community
27 for similar work."  See Margolin v. Regional Planning Com.,
28 134 Cal.App.3d 999, 1004-05 (1982).  Inexplicably, defendant

5

1  has not presented any evidence of prevailing rates in the
2  community.  However, "when the trial court is informed of the
3  extent and nature of the services rendered, it may rely on its
4  own experience and knowledge in determining their reasonable
5  value."  See In re Marriage of Cueva, 86 Cal.App.3d 290, 300
6  (1978).  Based on my experience with fees in this district,
7  including fees I have awarded, and my experience in presiding
8  over this case, I find that the already discounted rates
9  claimed by Fiks are reasonable.
10      The balance of plaintiffs' opposition argues that various
11 portions of the claimed fees are not recoverable.  Defendant
12 may not recover for clerical and secretarial work that "should
13 be covered in hourly rates as normal overhead."  Keith v.
14 Volpe, 644 F.Supp. 1312, 1316 (C.D.Cal. 1986).  However,
15 "reasonable attorneys' fees may include paralegal services."
16 Leuzinger v. County of Lake, 2009 WL 839056, *8 (N.D.Cal.
17 2009).  To the extent it appears from the billing records that
18 timekeepers Sumeena Birdi, Adam Schneider and Julie Lockwood
19 performed what I would consider secretarial work, such as
20 routing and mailing documents, I eliminated such hours.
21 However, some of Birdi and Lockwood's time, such as drafting
22 and editing documents and conducting online research in
23 support of the counterclaim, is recoverable as paralegal work.
24      Using this methodology I award defendant fees as follows:
25      Karl Kronenberger        $  5,236.00
26      Jeff Rosenfeld           $ 13,435.00
27      Margarita Calpotura      $  7,890.00
28      Sumeena Birdi            $    929.00

6

| | | |
|---|---|---|
| Julie Lockwood | $ | 2,239.00 |
| TOTAL: | $ | 29,729.00 |

From this total, I deducted $1,882.92 in fees I had awarded defendants as a sanction in my Final Pretrial Order, and which was also claimed as part of this motion.

I also award defendant one-third of the claimed computer-based legal research charges incurred after December 11, 2008, for a total of $886.00. See Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258-59 (9th Cir. 2006) (noting the "growing circuit consensus" that computer-based legal research fees may be recovered as attorneys' fees).

I find no need for argument and **VACATE** the hearing scheduled for **January 6, 2010.** For the foregoing reasons, **IT IS HEREBY ORDERED** that defendant's Motion for Attorneys Fees is **GRANTED IN PART** in the amount of $28,732.08.

Dated: January 4, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\LIMO HOSTING V. FIKS\FEE ORDER.wpd